Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiffs

FILED
13 JUL 26 AM 10: 29
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DOLORES ELSEN and JASON ELSEN, ) CASE NO. CV13-05405-DSF(Ex)
)
Plaintiffs, )
)
v. )
) COMPLAINT FOR DAMAGES
PERSOLVE, LLC dba ACCOUNT )
RESOLUTION ASSOCIATES and DOES )
1 through 10 inclusive, )
)
Defendants. )

Plaintiffs, by and through their attorney, Amir J. Goldstein, Esq., as and for their complaint against the Defendant PERSOLVE, LLC dba ACCOUNT RESOLUTION ASSOCIATES allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by individuals for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1
Complaint for Damages

## PARTIES

2. Plaintiff Dolores Elsen (hereinafter referred to as "Plaintiff Dolores") is a natural person residing in Newport Beach, California. Plaintiff Jason Elsen (hereinafter referred to as "Plaintiff Jason") is a natural person residing in Ontario, California.
3. Upon information and belief, the Defendant is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Chatsworth, California which is located in Los Angeles County.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it resides and regularly conducts business in this district.

## FIRST CAUSE OF ACTION

5. Plaintiffs reallege paragraphs 1 through 4 as if fully restated herein.
6. That a personal debt was allegedly incurred by Plaintiff Dolores.
7. That at a time unknown to Plaintiff Dolores herein, the aforementioned debt was referred and/or assigned to Defendant for collection.

*Count One*

8. Plaintiffs reallege paragraphs 1 through 7 as if fully restated herein.
9. That on or about September 21, 2012, Defendant, in an attempt to collect the alleged debt, called Plaintiff Dolores and demanded immediate payment.
10. That Defendant became angry and called Plaintiff Dolores a **dead beat loser.**
11. That Defendant threatened Plaintiff Dolores and deceptively warned her that **jail was a possibility.**
12. That under extreme pressure and out of fear of being imprisoned, Plaintiff Dolores offered to make payments.

13. That in response, Defendant interrupted Plaintiff Dolores and yelled in pertinent part, **"Listen, you are not going to tell me what you can pay. I am going to tell you what you are going to pay."**

14. That Defendant once again called Plaintiff Dolores **a dead beat who doesn't pay her bills** and abruptly hung up the phone.

15. That as a result of Defendant's threats, Plaintiff Dolores was left feeling nervous, humiliated, extremely distraught and anxious.

*Count Two*

16. Plaintiffs reallege paragraphs 1 through 15 as if fully restated herein.

17. That on or about December 6, 2012, Defendant was instructed to cease all further communications and that any future contact must be made in writing.

18. That notwithstanding the request to cease verbal communications, Defendant continued to call Plaintiff Dolores and leave her voicemail messages in an attempt to collect the aforementioned debt.

19. That in said communications, Defendant's agents did not meaningfully identify themselves as a representative of a debt collection agency, nor did they make the proper disclosures as required by law.

20. That in one such communication, on or about December 7, 2012, Defendant's agent called Plaintiff Dolores and deceptively advised her that that the call was regarding a **"personal business matter."**

21. That in said communication, Defendant's agent instructed Plaintiff Dolores to call her back **"as soon as possible"** at **866.438.1259**, which is, upon information and belief, a number owned and operated by Defendant.

22. That in another communication, on or about January 21, 2013, Defendant's agent informed Plaintiff Dolores that she was calling in regards to **"a time sensitive personal business matter"** and instructed Plaintiff Dolores to call **866.438.1259.**

23. That shortly thereafter, another one of Defendant's agent called Plaintiff Dolores on or about January 26, 2013 and left the following message in pertinent part, **"Dolores Elsen,**

this is Jim Franks speaking. When you get a moment please return my call. I can be reached direct at 818.534.3113."

24. That upon information and belief, **818.534.3113** is a phone number owned and operated by Defendant.

25. That in another communication, on or about February 19, 2013, Defendant's agent informed Plaintiff Dolores that she was calling in regards to **"a time sensitive personal business matter"** and instructed Plaintiff Dolores to call **866.438.1259**.

26. That on or about March 20, 2013, Defendant's agent called Plaintiff Dolores and left the following message in pertinent part, **"Hello this message is for Dolores Elsen. This is Jim Franks. When you get a moment please call me back. The direct line here in the office is 818.534.3113."**

27. That the series of voice messages from Defendant would mislead the least sophisticated consumer and did in fact, mislead Plaintiff Dolores, on the grounds that: 1) none of the messages indicated the purpose of the call,; 2) Defendant's agents failed to make the proper disclosures as required by law and 3) Plaintiff Dolores was instructed to call various phone numbers, so as to appear that certain phone calls did not originate from Defendant.

*Count Three*

28. Plaintiffs reallege paragraphs 1 through 27 as if fully restated herein.

29. That on or about April 15, 2013, subsequent to Defendant's communications with Plaintiff Dolores, Defendant called Plaintiff's son, Jason Elsen, a third party, (hereinafter referred to as "Plaintiff Jason") and unlawfully demanded immediate payment from him.

30. That Plaintiff Jason refused to make any payments to Defendant.

31. That Defendant deceptively explained that **if Plaintiff Jason was not going to pay, Defendant's agent would come to Plaintiff Dolores' residence and take inventory of her belongings because Defendant was going to auction off all of her clothes, car, jewelry, dishes and other personal property.**

32. That Defendant called Plaintiff Jason a **dead beat**.

33. That Defendant told Plaintiff Jason he would **see him in court to watch the judge auction off all of Plaintiff Dolores' belongings.**

34. That as a result of Defendant's representations, Plaintiff Jason was led to believe that any action taken upon his mother would be his fault.

35. That as a result of Defendant's communications with Plaintiff Jason, Plaintiff Jason was left feeling extremely upset, stressed and aggravated.

36. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are confusing, misleading, deceptive and/or unfair.

37. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (b), (c), (d), (e), and (f) in that the representations made by the Defendant are false, confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of their legal rights as required by law.

    i. That the Defendant's conduct violates 15 U.S.C. §1692b because the Defendant communicated with a third party for a purpose other than to acquire location information;

    ii. That Defendant violated 15 U.S.C. § 1692c because the Defendant communicated with a third party in an attempt to collect a debt;

    iii. The Defendant violated 15 U.S.C. § 1692d by harassing Plaintiffs;

    iv. The Defendant violated 15 U.S.C. § 1692e by using false threats and by employing deceptive means in an attempt to collect a debt; and

    v. The Defendant violated 15 U.S.C. §1692f by engaging in unfair or unconscionable means to collect or attempt to collect any debt.

38. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to Plaintiffs for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**

39. Plaintiffs reallege paragraphs 1 through 38 as if fully restated herein.

40. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

41. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

   i. By placing telephone calls without disclosure of the caller's identity, Defendant has violated §1788.11(b);

   ii. By causing a telephone to ring repeatedly or continuously to annoy the person called and by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, Defendant has violated §§ 1788.11(d) & (e);

   iii. In failing to inform consumers its true identity, Defendant has violated §1788.13(a), which prohibits communications with the debtor other than in the name of the debt collector or the person on whose behalf the debt collector is acting and §1788.13(i), which prohibits the false representation of the true nature of the business or services being rendered by the debt collector;

   iv. By making the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, Defendant has violated §1788.13(j);

   v. By the above-referenced violations of the FDCPA, Defendant has violated §1788.17.

42. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiffs are entitled to recover their actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiffs, which damages are in an amount to be proven at trial.

43. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiffs are entitled to recover, in addition to their actual damages, penalties of at least $1,000 per violation as provided for in the Act.

44. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiffs are entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**WHEREFORE,** Plaintiffs respectfully pray that judgment be entered against Defendant in the amount of:

(a)   Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b)   Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

(c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq.*

(d)   For such other and further relief as may be just and proper.

(e)   Plaintiffs request trial by jury on all issues so triable.

Dated: July 9, 2013

AMIR J. GOLDSTEIN, ESQ.

Amir J. Goldstein, Esq.
**Attorney for Plaintiffs**
5455 Wilshire Boulevard., Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

```
CV13- 5405 DSF (Ex)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Amir J. Goldstein, Esq. (SBN 255620)
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES ELSEN and JASON ELSEN,<br><br>PLAINTIFF(S)<br>v.<br>PERSOLVE, LLC dba ACCOUNT RESOLUTION ASSOCIATES and DOES 1 through 10 inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-05405-DSF (Ex)<br><br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Amir J. Goldstein, Esq._____, whose address is __5455 Wilshire Blvd. Suite 1812, Los Angeles, CA 90036_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUL 2 6 2013

By: ANDRES PEDRO
    Deputy Clerk

(Seal of the Court)
1202

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)                                SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
DOLORES ELSEN and JASON ELSEN,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
PERSOLVE, LLC dba ACCOUNT RESOLUTION ASSOCIATES and DOES 1 through 10 inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Amir J. Goldstein, Esq.
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400; Fax 866.288.9194

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1692 et seq (violations of the Fair Debt Collection Practices Act)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** ☐ 463 Alien Detainee | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 751 Family and Medical Leave Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

**FOR OFFICE USE ONLY:** Case Number: CV13-05405

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                                    CIVIL COVER SHEET                                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange, San Bernardino | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____  DATE: 7/23/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

CV-71 (02/13)   CIVIL COVER SHEET   Page 2 of 2